Stephanie Lucero (State Bar No. 035210)
Rebecca Evans (Pro Hac Vice to be submitted)
**LawHQ, LLC**
299 S. Main St. #1300
Salt Lake City, UT 84111
Phone: (385) 233-6612 ext. 3152
stephanielucero@lawhq.com
rebecca@lawhq.com

*Attorneys for Plaintiffs listed below*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Samuel Nieblas, et al,** | |
| Plaintiffs, | Civil Case No.:<br>4:20-cv-00171-EJM |
| v. | **NOTICE OF PENDENCY** |
| **Porch.com Inc.,** a Delaware corporation; **GoSmith Inc.** a Delaware corporation; **Matthew Ehrlichman**, CEO and co-founder of Porch.com Inc. and CEO of GoSmith, Inc., in his individual capacity; **Brenton Marrelli**, CEO and co-founder of GoSmith Inc., in his individual capacity; and **Darwin Widjaja,** CTO and co-founder of GoSmith Inc. and VP of Porch.com Inc., in his individual capacity, | Judge: Eric J. Markovich |
| Defendants | |

Plaintiffs respectfully provide notice of the following cases pending in other courts:

1

| Case Title: | Case No.: | Court: | Presiding Judge: | Filed: |
|---|---|---|---|---|
| *Rojas v. GoSmith, Inc. et al* | 2:2017-cv-00281 | N.D. Ind. | Magistrate Judge John E. Martin | 6/30/2017 |
| *Seale, et al v. GoSmith, Inc.* | 5:19-cv-08389-BLF | N.D. Cal. | Judge Beth Labson Freeman | 12/26/2019 |
| *Schloss v. GoSmith, Inc.* | 2:17-CV-12809-TGB-MKM | N.D. Cal. | Judge Beth Labson Freeman | 1/6/2020 |
| *Cain, et al v. Porch.com, Inc., et al* | 5:19-cv-0069-BLF | N.D. Cal. | Judge Beth Labson Freeman | 1/30/2020 |
| *Dawson, et al v. Porch.com, inc., et al* | 2:2020-cv-00604-RSL | W.D. Wash | Judge Robert S. Lasnik | 4/22/2020 |
| *Harrison, et al v. Porch.com, Inc., et al* | 2:2020-cv-00266-EJF | D. Utah | Magistrate Judge Evelyn J. Furse | 4/22/2020 |
| *Doran, et al v. Porch.com, Inc., et al* | 1:20-cv-00051-SPW-TJC | D. Mont. | Judge Waters,& Magistrate Judge Timothy J. Cavan | 4/22/2020 |
| *Chenette, et al v. Porch.com, Inc., et al* | 1:20-cv-00201-DCN | D. Idaho | Judge David C. Nye | 4/25/2020 |
| *Syms, et al v. Porch.com, Inc., et al* | 2:20-cv-00162-RMP | E.D. Wash. | Judge Rosanna M. Peterson | 4/272020 |
| *Vawter, et al v. Porch.com, Inc., et al* | 2:20-cv-00752-JAD-EJY | D. Nev. | Judge Dorsey & Judge Youchah | 4/27/ 2020 |
| *Pearson, et al v. Porch.com, Inc., et al* | 3:20-cv-00697-JR | D. Or. | Judge Jolie A. Russo | 4/28/2020 |
| *Dowells, et al v. Porch.com, Inc., et al* | 1:20-cv-00192-WRP | D. Haw. | Magistrate Judge Wes Reber Porter | 4/28/2020 |

| *Clements, et al v. Porch.com, Inc., et al* | akd-1:2020-cv-00003-SLG | D. Alaska | Judge Sharon L. Gleason | 4/29/2020 |
|---|---|---|---|---|
| *Longo, et al v. Porch.com, Inc., et al* | 3:20-cv-00585-RNC | D. Conn. | Judge Robert N. Chatigny | 4/29/2020 |

**Relationship & Description of Parties, Events, Facts, and Law**

The cases above contain substantially similar factual allegations against Defendant GoSmith. The legal claims arise from Defendants' violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act. However, this notice references two types of suits against GoSmith and the other named Defendants: two class action suits (*Schloss v. GoSmith, Inc.* and *Rojas v. GoSmith, Inc. et al*), and twelve mass torts. *See* Amended Complaint, *Seale, et al v. GoSmith, Inc.*, 5:19-cv-08389-BLF (N.D. Cal. filed December 26, 2019); Amended Complaint, Exhibit A to Amended Complaint, *Cain, et al v. Porch.com, Inc., et al*, 5:19-cv-00697-BLF (N.D. Cal. filed January 30, 2020); Complaint, Exhibit A to Complaint, *Nieblas, et al v. Porch.com, Inc., et al*, 4:20-cv-00171-EJM (D. Ariz. filed April 21, 2020); Complaint, Exhibit A to Complaint, *Dawson, et al v. Porch.com, Inc., et al*, 2:2020-cv-00604 (W. D. Wash filed April 22, 2020); Complaint, Exhibit A to Complaint, *Harrison, et al v. Porch.com, Inc., et al*, 2:2020-cv-00266-EJF (D. Utah filed April 22, 2020); Complaint, Exhibit A to Complaint, *Doran, et al v. Porch.com, Inc., et al*, 1_20-cv-00051-SPW-TJC (D. Mont. filed April 24, 2020); Complaint, Exhibit A to Complaint, *Chenette, et al v. Porch.com, Inc., et al*, 1:20-cv-00201-DCN (D. Idaho filed April 25, 2020); Complaint, Exhibit A to Complaint, *Syms, et al v. Porch.com, Inc., et al*, 2:20-cv-00162-RMP (E.D. Wash. filed April 27, 2020); Complaint, Exhibit A to Complaint, *Vawter, et al v. Porch.com, Inc., et al*, 2:20-cv-00752-JAD-EJY (D. Nev. filed April 27, 2020); Complaint, Exhibit A to Complaint, *Pearson, et al v. Porch.com, Inc., et al*, 3:20-cv-00697-JR (D. Or. filed

3

April 28, 2020); Complaint, Exhibit A to Complaint, *Dowells, et al v. Porch.com, Inc., et al*, 1:20-cv-00192-WRP (D. Haw. filed April 28, 2020); Complaint, Exhibit A to Complaint, *Clements, et al v. Porch.com, Inc., et al*, akd-1:2020-cv-00003-SLG (D. Alaska filed April 29, 2020); Complaint, Exhibit A to Complaint, *Longo, et al v. Porch.com, Inc., et al*, 3:20-cv-00585-RNC (D. Conn. filed April 29, 2020) **(hereinafter "*Complaints*")**. Manatt, Phelps & Phelps represent the Defendants in all cases. The class actions have distinct plaintiffs' counsel. The mass tort plaintiffs are represented by LawHQ in the twelve separately-filed suits.

In all but the class action suits, the claims also rely on state common law principles of corporate veil-piercing and Plaintiffs reside primarily in the jurisdictions where their claims were brought. *Id.* The unique jurisdictional status of the 1,007 individual plaintiffs significantly differentiates each suit. *Id.* Even though the above cases relate to each other because some facts are similar, the factual and legal differences do not warrant the inconvenience and delay of MDL consolidation. *See id*.

47 U.S.C. § 227 ("TCPA") grants a private right of action to individuals and provides for statutory damages when companies contact them in violation of the statute. Plaintiffs (in all but *Schloss* and *Rojas*) brought claims for Defendants' 248,616 TCPA violations. *See Complaints.* Defendants used an autodialer to prolifically spam Plaintiffs, many of whom were registered on the National Do Not Call Registry. *See id.*

**Necessity of Avoiding Consolidation or Transfer under U.S.C. § 1407**

Multidistrict litigation (MDL) under 28 U.S.C. § 1407 occurs when "such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." MDL fails to increase convenience because preliminary proceedings will already be streamlined, and costs incurred will be incurred regardless of any MDL. MDL also fails to promote the just and efficient

conduct of these claims because it would likely delay the outcomes, and key issues would still have to be resolved in the cases' home jurisdiction.

First, MDL would not be convenient for the parties or witnesses. While MDL can be useful when legal counsel is significantly diverse and the number of suits exorbitant, here, the commonality of counsel diminishes the value of consolidation. Defendants' counsel is substantially the same in all cases, with attorneys from Manatt, Phelps, and Phillips and lead counsel Christine Reilly having already appeared, or preparing an appearance in every case. Plaintiffs are represented by LawHQ (in all but the class actions *Schloss* and *Rojas*). While parties will inevitably incur some litigatory costs, the work for one claim will be substantially applicable to all other claims even without MDL proceedings. Both Plaintiffs' and Defendants' counsel have incentive to streamline discovery and the obligation to reduce the costs to their clients. LawHQ can and will provide standardized discovery requests, and will make most discovery requests and depositions only once, for use in all the cases. Because of this, litigation expense and effort cannot be reduced by MDL. The costs that Defendants incur due to the number of plaintiffs would exist regardless of any MDL proceeding. And, as Plaintiffs have already found local counsel and filed in the most convenient forum, forcing Plaintiffs to litigate outside their preferred forum is by definition inconvenient.

Second, MDL would not promote the just and efficient conduct of these actions. MDL is usually reserved for a high number of cases with complex facts and injuries arising from a common product, event, or set of occurrences. *See e.g.*, *In re Asbestos Prods. Liab. Litig.,* 545 F. Supp. 2d 1359 (J.P.M.L. 2008) (consolidating 26,639 asbestos suits in 87 districts); *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376 (J.P.M.L. 2010) (consolidating 45 suits involving the same medical device); *In re Mid-Air Collision*, 309 F. Supp. 621 (J.P.M.L. 1970 (involving a plane crash). However, in this case, because the facts are simple and consistent, and the statute defines the relevant legal questions, MDL would delay

5

proceedings. Notably, counsel recently informed Plaintiffs that Defendant GoSmith has initiated bankruptcy proceedings. Consolidating the cases into MDL at this point would force Plaintiffs into a prolonged procedural detour likely to severely prejudice their ability to obtain relief. MDL would also delay proceedings because essential common questions of fact would not be resolved in preliminary proceedings. Here, as described, the discovery will already be streamlined, and the essential questions of fact–whether GoSmith used an autodialer; whether the elements required to pierce the corporate veil have been met; and whether GoSmith willfully or negligently send the text messages–all require a jury determination and are not fit for a preliminary proceeding. *See e.g.*, *Pinchem v. Regal Med. Grp.*, 228 F. Supp. 3d 992, 998 (C.D. Cal. 2017) (discussing ATDS use as a question of fact); *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 59 (2d Cir. 1988) (stating that the "issue of corporate disregard is generally submitted to the jury"); *Stewart v. United States*, 311 F.2d 109, 112 (9th Cir. 1962) (noting that "Where . . . the intent of the accused is an ingredient of the crime charged, its existence is a question of fact for the jury."). Rather than conserving resources, preventing conflict, or promoting efficient determination of the issues, MDL would likely result in increased work, cost, and delay for both the parties and the courts.

### The Distinct Nature of *Schloss* and *Rojas*

*Schloss* and *Rojas*, unlike the other cases, constitute class-action lawsuits. Procedural, legal, and factual standards apply to class-action lawsuits which do not apply to mass torts. Compared to the infantile state of the mass tort cases, *Schloss and Rojas* have entered more advanced litigation stages and could not practically be joined. The differences relating to the unique nature of class-action lawsuits and the differences in the cases' litigation stages both cut against MDL.

Wherefore, Plaintiffs respectfully provide notice to the court of the cases named herein, and provide this statement to the court regarding the advisability of maintaining the separate nature of these actions.

6

Date: May 5th, 2020                          Respectfully submitted,


                                             /s/ *Stephanie Lucero*
                                             Stephanie Lucero
                                             Rebecca Evans (*PHV to be submitted*)

                                             *Attorneys for Plaintiffs, listed below*

| | | |
|---|---|---|
| Samuel Nieblas | James Evans | Thomas Kernan |
| Omhar Acuna | Ron Fuentes | Geoff Kidder |
| Lloyd Arellano | Leonard Garcia | Blaine Konow |
| Danny Bashaw | Jimmy Gardner | Jean Kropp |
| Sam Bischof | Timothy Gavin | Michael Kurz |
| Brenda Booth | Thomas Gonzales | Steve Lambert |
| Christopher Bouthner | Robert Goold | Elam Lamdan |
| Luis Campuzano | Chris Grasso | Joseph Lewis |
| Dino Clark | Michael Green | Mike Lynch |
| Patrick Coco | Scott Hall | John Macy |
| Donald Coover | Scott Harris | Fernando Mancilla |
| Cristian Corniciuc | Nathan Henton | Lisa Massey |
| Brian Cramer | Michael Higgans | Paul Mata |
| Samuel Ctuz | Danny Higgins | Jackie Maxey |
| Elizabeth Durgin | Anthony Howe Jr | David Mendola |
| William Emig | Clint Hughes | Mark Miller |
| Roger Espinosa | Randy Jenkins | Peter Moore |
| Manuel Estrella | Nicholas Kardaras | James Mott |
| Jon Mutka | Lilach Rodgers | Bill Thompson |
| Stephany Nguyen | Joseph Rodriguez-Amay | Brandon Tyler |
| Jose Nunez | Robert Ronquillo | Gheorghe Vasile |
| Cody O'Donnell | Paul Ryals | Sara Vega |
| James Oakes | Jeremy Smith | Taylor Warchot |
| Daniel Priedigkeit | Josh Sneed | Jessica Welshiemer |
| Richard Randall | Lynda Stack | Mark Whited |
| Charles Rankin | Raymond Sullivan | Ronald Wolfson |
| Michael Redden | Emily Swank | Jamal Yuldashev |
| Keith Richards | Ann Taylor | |
| Anthony Rivera | Aleksandar Tesanovic | |

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of May, 2020, I served a true and correct copy of the foregoing Notice of Pendency to the following by CM/ECF, and email.

HEIDARPOUR LAW FIRM, PLLC
Andrew W Heidarpour (PHV)
1300 Pennsylvania Avenue N.W.,
Ste. #190-318
Washington D.C. 20004
Email: aheidarpour@hlfirm.com

LAW OFFICES OF TODD M.
FRIEDMAN, PC
David B Levin
333 Skokie Blvd, Suite 103
Northbrook, IL 60062
Email: dlevin@toddflaw.com

*Attorneys for Plaintiffs William Rojas and class*

TERRELL MARSHALL LAW GROUP
Beth E. Terrell
Jennifer Rust Murray
Adrienne D. McEntee
936 N 34th St. Suite 300
Seattle, WA   98103
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: amcentee@terrellmarshall.com

GIBBS LAW GROUP LLC
Steven Tindall
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
Email: smt@classlawgroup.com

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Ian B. Lyngklip
Sylvia  S. Bolos
24500 Northwestern Hwy #206
Southfield, MI 48075
Email: ian@consumerlawyers.com
Email: sylviab@consumerlawyers.com

*Attorneys for Plaintiffs Cathi Schloss and class*

MANATT, PHELPS & PHELPS, LLP
Christine M. Reilly
Danielle Newman
Alex Krasovec
Kristin Haule
Paul Heeringa
11355 Olympic Blvd.
Los Angeles, CA 60064
Email: CReilly@manatt.com
Email: DNewman@manatt.com
Email: AKrasovec@manatt.com
Email: KHaule@manatt.com
Email: PHeeringa@manatt.com

*Attorneys for Defendants Porch.com, GoSmith Inc., Matthew Ehrlichman, Brenton Marrelli, and Darwin Widjaja*

9

Date: May 5, 2020                    /s/ *Stephanie Lucero*
                                     Stephanie Lucero
                                     Rebecca Evans (*PHV to be submitted*)

                                     *Attorneys for Plaintiffs listed above*